## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| IN RE: | TRACY NEAL ROBINSON | CASE NO. | 22-02414-KMS |
| | DEBTOR(S) | CHAPTER | 11 |

### UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S PETITION DESIGNATING SUBCHAPTER V ELECTION

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, pursuant to 11 U.S.C. § 307, 11 U.S.C. § 1182, and 28 U.S.C. § 586(a)(3), and hereby files this Objection to the Debtor's Petition designating Subchapter V Election (Dkt. #1). The UST respectfully objects to the Debtor's designation as a Subchapter V debtor under 11 U.S.C. § 1182 because the Debtor is not engaged in any ongoing commercial or business activities, and in support thereof respectfully submits the following:

### I.    BACKGROUND FACTS

1.     On November 16, 2022, Debtor Tracy Neal Robinson filed his voluntary chapter 11 petition for relief. Dkt. #1. Craig M. Geno represents the Debtor.

2.     On the chapter 11 petition, the Debtor checked "Yes" to "I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11." Dkt. #1, at Line 13.

3.     On November 21, 2022, the UST appointed Kimberly Strong as the Subchapter V Trustee in this case.

4.     On December 15, 2022, the Debtor filed his schedules and statements. Dkt. #30, #31. On December 20, 2022, the UST held and concluded the Debtor's § 341 meeting of creditors. Dkt. #36.

5.      At the meeting of creditors, the Debtor testified under oath that he used to operate a poultry farming business as a sole proprietorship. The Debtor's poultry farming contract was terminated by chicken processor Koch Foods, and the Debtor has not operated his poultry farming business since September 2021.

6.      Currently, the Debtor is employed as a loader operator at American Pole & Piling, Inc., in Bay Springs, Mississippi. Dkt. #30, at p. 18.

7.      On December 21, 2022, the Debtor filed his Amended 11 U.S.C. § 1188(c) Status Report. Dkt. #43. In the status report, the Debtor stated that he operated his poultry business for over fifteen years before he filed his current bankruptcy case. Dkt. #43, at p. 1. The Debtor's "Grower's Contract" with Koch Foods was not renewed pre-petition. *Id*. The Debtor received an award from a class action lawsuit filed by several farmers against Koch Foods, "which reflects the Debtor's idea that his contract was not renewed for other than ordinary course of business reasons." *Id*. The Debtor will amend his schedules to disclose the class action lawsuit and award. *Id*.

8.      Also in the status report, the Debtor stated that his poultry farm assets have been up for sale and that he "does not desire to retain ownership of the former poultry operation assets." Dkt. #43, at p. 2.

## II.    STATUTORY FRAMEWORK

9.      The Small Business Reorganization Act ("SBRA"), approved on August 23, 2019, took effect on February 19, 2020. In a Subchapter V case, the debtor must attend a status conference no later than sixty days after the order for relief is entered, 11 U.S.C. § 1188(a). Also, at least fourteen days before that status conference, "the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c).

2

10. Under Fed. R. Bankr. P. 1020(b), the United States Trustee or any party in interest may object to a debtor's designation as a small business case within thirty days of the conclusion of the debtor's meeting of creditors. Since the meeting of creditors in this case was concluded on December 20, 2022, the UST's objection is timely filed.

11. The debtor bears the burden of demonstrating that he is eligible to proceed under Subchapter V. *Montgomery v. Ryan (In re Montgomery),* 37 F.3d 413, 415 (8th Cir. 1994) (holding party filing petition bears burden of proving eligibility).

12. The SBRA was enacted to "address reorganization of small businesses" by creating a new Subchapter V to Chapter 11 of the Bankruptcy Code. 116 Pub. L. 54, 1133 Stat. 1079 (Aug. 23, 2019). When enacted as part of SBRA, § 1182(1) stated, "The term 'debtor' means a small a small business debtor."

13. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") became law. Pub. L. 116-136, 134 Stat. 281 (2020). The CARES Act amended the term "debtor" under § 1182(1). Section 1182(1) defines "debtor," subject to the limitations of subparagraph (B), as "**a person engaged in commercial or business activities** (including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate) that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor." (Emphasis added).

14. The definition has two principal requirements. First, the debtor must be a person "engaged in commercial or business activities." Second, the debtor must meet the debt limit, of which at least 50% the debt must arise "from the commercial or business activities of the debtor." The first requirement of the definition is at issue in this case.

15. The term "engaged" is an active verb and is used in the statute in its plain, ordinary connotation, meaning that a debtor must be actively engaged in commercial or business activities at the time of filing.

16. The Debtor in this case is not eligible to elect Subchapter V because he is not "engaged in commercial or business activities."

17. In interpreting the definition of debtor under § 1182(1), the Court must construe the statutory definition "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citations omitted). Thus, the term "engaged in commercial or business activities" must have meaning separate and apart from the debt-limit language.

### III. ARGUMENT AND AUTHORITIES

18. Debtor Tracy Neal Robinson was not "engaged in commercial or business activities" as of the petition date, and thus is not eligible to proceed under Subchapter V. The bankruptcy court in *Johnson* previously addressed debtor eligibility under Subchapter V. *In re Johnson*, 2021 Bankr. LEXIS 471, *2 (Bankr. N.D. Tex. Mar. 1, 2021). In *Johnson*, the married joint debtors originally filed chapter 7. *Id*. at *3. After the United States Trustee filed an objection to their chapter 7 discharge, the debtors filed a motion to convert their case to chapter 11 and proceed under Subchapter V. *Johnson*, 2021 Bankr. LEXIS 471 at *3. The United States Trustee opposed conversion. *Id*.

19. In *Johnson*, one of the joint debtors owned and managed several oil and gas companies. *Johnson*, 2021 Bankr. LEXIS 471 at at *4. All of the companies were now defunct. *Id*. As of the petition date, neither of the *Johnson* debtors owned an interest in an operating business, and neither debtor was operating a business of their own. *Johnson*, 2021 Bankr. LEXIS 471 at *8. Both of the debtors' sole source of income was from their status as W-2 employees. *Id*.

20. Although the *Johnson* court rejected a requirement that a debtor must be "actively carrying out" a commercial or business activity, the bankruptcy court held that "the 'engaged in' inquiry is inherently contemporary in focus instead of retrospective, requiring the assessment of the debtor's current state of affairs as of the filing of the bankruptcy petition." *Johnson*, 2021 Bankr. LEXIS 471 at *15. First, the *Johnson* court held that the plain definition of "engaged" means the debtor is "occupied with or busy in commercial or business activities—not a person who at some point in the past had such involvement." *Id*. Second, the purpose of the small business debtor protections is to provide expediency and cost minimalization to businesses that are currently active. *Id*. at *16. Third, the *Johnson* court noted the other points in the Bankruptcy Code where Congress used the same "engaged in" language—railroad protections and chapter 12 relief. *Johnson*, 2021 Bankr. LEXIS 471 at *17.

21. Since all of the debtor's companies ceased operations before the petition date, the *Johnson* court held that the debtors were "not occupied with or otherwise busy in – *i.e.* 'engaged in' – any commercial or business activities." *Johnson*, 2021 Bankr. LEXIS 471 at *19. *See also*, *National Loan Invs., L.P. v. Rickerson (In re Rickerson)*, 636 B.R. 416, 424 (Bankr. W.D. Pa. 2021) ("[T]he Court agrees with *Johnson* and concludes that in order to be eligible to proceed under Subchapter V a debtor must be presently engaged in commercial or business activities."); *In*

5

*re Thurmon*, 625 B.R. 417, 422 (Bankr. W.D. Mo. 2020) (holding that the debtor must be currently engaged in commercial or business activity to qualify under Subchapter V).

22. Some courts have allowed debtors to proceed under Subchapter V when the debtor simply holds business debts. *See In re Blanchard*, 2020 Bankr. LEXIS 1909, *7 (Bankr. E.D. La. July 16, 2020) (allowing debtors to proceed under Subchapter V with debts from operating and non-operating businesses); *In re Wright*, 2020 Bankr. LEXIS 1240, *7 (Bankr. S.C. Apr. 27, 2020) (holding nothing in the small business debtor definition limits application to only debtors currently engaged in business activity). However, as the Supreme Court stated in *Hibbs*, a court should construe the statutory definition "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." Thus, the term "engaged in commercial or business activities" must have meaning separate and apart from the debt-limit language. Cases such as *Blanchard* and *Wright* improperly render the "engaged in commercial or business activities" requirement redundant and unnecessary.

23. Based on the holdings in *Johnson, Rickerson,* and *Thurmon*, Debtor Tracy Neal Robinson does not meet the definition of "debtor" under Subchapter V because Mr. Robinson was not engaged in commercial or business activities as of his petition date. The Debtor's poultry farming business ceased in September 2021, and the Debtor has no intention to return to the business. The Debtor is not currently engaged in his own business activity. Mr. Robinson is working as an employee for another business in an industry unrelated to poultry farming. Thus, Mr. Robinson cannot proceed in this case as a Subchapter V debtor.

### IV. CONCLUSION

24. For these reasons, the UST respectfully requests that the Court deny the Debtor's Subchapter V designation.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee respectfully requests that the Court strike the portion of the Debtor's petition designating the subchapter V election. The United States Trustee further prays for all general and equitable relief to which entitled.

RESPECTFULLY SUBMITTED, this the 2nd day of January, 2023.

>                           DAVID W. ASBACH
>                           Acting United States Trustee
>                           Region 5, Judicial Districts of
>                           Louisiana and Mississippi
>
> By:    /s/Christopher J. Steiskal, Sr.
>           CHRISTOPHER J. STEISKAL, SR.

CHRISTOPHER J. STEISKAL, SR. (MSB #101654)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI  39201
TEL: (601) 965-5241
FAX: (601) 965-5226
EMAIL: christopher.j.steiskal@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading has been served this day on the below named individual(s) via first class United States Mail at the address listed below, or by Notice of Electronic Filing via the email address on file with the court's CM/ECF system:

Craig M. Geno						Kimberly Strong

DATED, this the 2nd day of January, 2023.

/s/*Christopher J. Steiskal, Sr.*
CHRISTOPHER J. STEISKAL, Sr.